IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANE M. SCOTT,<br><br>    Petitioner,<br><br>  v.<br><br>S. GARCIA, Warden,<br><br>    Respondent.<br>_____ | No. C 06-2792 MMC (PR)<br><br>**ORDER TO SHOW CAUSE** |

On April 24, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

**BACKGROUND**

A jury in Santa Clara County Superior Court found petitioner guilty of lewd conduct upon a child, and various related charges. On April 18, 2002, petitioner was sentenced to a term of 100 years to life in state prison. The California Court of Appeal affirmed and the Supreme Court of California denied the petition for review. Petitioner thereafter filed unsuccessful petitions for a writ of habeas corpus at all three levels of the California courts.

**DISCUSSION**

A.   Standard of Review

A district court may entertain a petition for a writ of habeas corpus "in behalf of a

1 person in custody pursuant to the judgment of a State court only on the ground that he is in
2 custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.
3 § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). The court shall "award the writ or issue
4 an order directing the respondent to show cause why the writ should not be granted, unless it
5 appears from the application that the applicant or person detained is not entitled thereto."
6 28 U.S.C. § 2243. Summary dismissal is appropriate where the allegations in the petition are
7 vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v.
8 Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-
9 76 (1977)).

B.  Legal Claims

Petitioner claims: (1) the prosecutor committed misconduct by presenting false evidence and withholding exculpatory evidence, in violation of petitioner's right to due process; (2) the admission into evidence of propensity evidence, and the jury instruction thereon, violated petitioner's rights to due process and equal protection; (3) the trial court's disallowing testimony by a defense witness at sentencing, denying petitioner's request for transcripts for purposes of preparing a new trial motion, and imposition of consecutive sentences violated petitioner's rights to due process, a jury trial, and notice of his charges; (4) petitioner received ineffective assistance of counsel because counsel failed to adequately investigate both the charges pertaining to one of the victims as well as petitioner's prior "strike" convictions; (5) the admission of testimony regarding the complaining witness's credibility, the exclusion of other testimony regarding such witness, and the cumulative effect of those rulings by the trial court, violated petitioner's constitutional rights; (6) petitioner's second attorney provided ineffective assistance at the post-conviction proceedings; and (7) the California Court of Appeal's failure to consider a motion petitioner filed pro se in conjunction with his appeal violated his right to due process.

Liberally construed, petitioner's claims are cognizable.

2

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1.  The Clerk of the Court shall serve by certified mail a copy of this order and the amended petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2.  Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

3.  In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the date the opposition is filed.

4.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5.  It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.  Upon a showing of good cause, requests for a reasonable extension of time will

be granted as long as they are filed on or before the deadline which they seek to extend.

IT IS SO ORDERED.

DATED: June 19, 2006

_____
MAXINE M. CHESNEY
United States District Judge