United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANE M. SCOTT, | ) | No. C 06-2792 MMC (PR) |
| | ) | |
| Petitioner, | ) | **ORDER ADDRESSING PENDING MOTIONS** |
| | ) | |
| v. | ) | |
| | ) | |
| S. GARCIA, Warden, | ) | **(Docket Nos. 16, 18, 23, 24)** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On April 24, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 19, 2006, the Court found the petition presented seven cognizable claims for relief and ordered respondent to file an answer showing cause why the petition should not be granted based on the cognizable claims or, in the alternative, a motion to dismiss on procedural grounds. On December 14, 2006, respondent filed an answer to the petition. Subsequently, petitioner twice moved to extend the time to file a traverse; the Court granted him an extension to April 10, 2007 to do so.

Petitioner did not file a traverse by April 10, 2007. Rather, on July 3, 2007, he filed a motion for summary judgment, in which he responds to the arguments made in respondent's answer with respect to petitioner's concurrent sentencing claim; petitioner argues he is entitled to summary judgment on said claim as a matter of law. On July 11, 2007, respondent filed an opposition to petitioner's motion for summary judgment; on August 16, 2007, petitioner filed a reply to the opposition. On July 16, 2007, petitioner filed a traverse, in

which he responds to the arguments made in respondent's answer with respect to all seven of petitioner's claims, including the concurrent sentencing claim.[1]

The Court will not address the merits of petitioner's motion for summary judgment, because said motion is not procedurally appropriate, and also is unnecessary to the Court's decision in the instant petition. The procedure for deciding habeas corpus petitions in this court involves the issuance of an order to show cause, respondent's filing an answer, and petitioner's filing a traverse if he wishes. This is the procedure contemplated by Rules 4 and 5 of the Federal Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, and is also the procedure set forth by the Court in the scheduling section of its Order to Show Cause in the instant matter. (See Order to Show Cause, filed June 19, 2006, at 3.) In accordance with said procedure, respondent has filed an answer with accompanying argument and exhibits, and petitioner has filed a traverse in response thereto. There is no provision for or need for the additional step of a motion for summary judgment. The Court will address the legal issues arising from each of the claims asserted in the petition after reviewing the arguments made in the petition, the answer and the traverse. Accordingly, the motion for summary judgment is hereby STRICKEN, and petitioner's motions for a hearing date and to appear by telephone on the motion for summary judgment are hereby DENIED as moot. (Docket Nos. 18, 23, 24.)

This order terminates Docket Nos. 16, 18, 23 and 24.

IT IS SO ORDERED.

DATED: January 9, 2008

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] On April 23, 2007, petitioner filed a request to exceed the twenty-five page limit and file a thirty-six page traverse. On July 16, 2007, petitioner filed his traverse, which is thirty-six pages long. Good cause appearing, leave to exceed the twenty-five page limit is GRANTED. (Docket No. 16.)

2